MAYER *et al. v.* DENVER, T. &. FT. W. R. CO. *et al.*

(*Circuit Court, S. D. New York.* March 18, 1890.)

**1. EQUITY—PARTIES—MORTGAGES.**
  In a suit by the stockholders of a railroad company to prevent a trust company, to whom a mortgage on the road has been given, from delivering some of the bonds secured by the mortgage, and to have such bonds canceled, the trust company is a necessary party to the controversy.

**2. REMOVAL OF CAUSES—REMAND.**
  A defendant who has had a suit removed from a state court on the ground that the plaintiffs are citizens of a state different from all the defendants but one, and that such defendant is only a nominal party, cannot resist a motion to remand on the ground that the removing defendant is the real party plaintiff, the controversy being between him and the other defendants, who are citizens of different states.

In Equity. On motion to remand.
*George Hoadly*, for plaintiffs.
*Wager Swayne*, for defendants.

WALLACE, J. This is a motion to remand this suit to the state court in which it was originally brought, and from which it was removed upon the petition of the Denver, Texas & Fort Worth Railroad Company, one of the three defendants. The petition for removal alleges that the plaintiffs are citizens and residents of the state of New York; that the Denver, Texas & Fort Worth Railroad Company is a corporation of the state of Colorado; that the defendant the Colorado & Texas Construction Company is a corporation of the state of Iowa; and that the Mercantile Trust Company is a corporation of the state of New York, "but is a nominal defendant, without any substantial interest in the controversy." The petition does not state that there is a controversy in the suit which is wholly between citizens of different states, and which can be fully determined as between them. The question which has been argued is whether the record discloses a controversy which is wholly between citizens of different states, and which can be fully determined without the presence of the Mercantile Trust Company. Succinctly stated, the controversy shown by the complaint is, in substance, this: The railroad company has created an issue of bonds, secured by a mortgage to the trust company as a trustee for the bondholders, and has placed the bonds in the hands of the trust company, and the trust company, assuming to be authorized by a provision contained in the mortgage, is about to deliver 1,000 of these bonds to the construction company. The provision referred to is that these 1,000 bonds are to be issued by the trust company "to be used upon the road-bed of the Denver & Rio Grande Railroad Company," a railway line which is included in the mortgage. The plaintiffs are stockholders of the railway company, but the majority of the stockholders are also stockholders of the construction company, and control the railway company in the interest of the construction company. Under this control the railway company has made a corrupt bargain with the construction company, by which the latter is to be paid a large sum

of money without any fair equivalent; and this corrupt arrangement is about to be consummated by the delivery of the 1,000 bonds by the trust company to the construction company. The prayer for relief is that the defendants be restrained from parting with any of the bonds; that the bonds be delivered up to be canceled, except to an amount sufficient to pay for the object to which they are properly applicable; and that the mortgage be canceled so as to reduce it *pro tanto.* To such a controversy the trust company would seem to be a necessary party. It is a trustee for the bondholders, and not merely an agent of the railway company, to do its behests in issuing the bonds; and as such trustee it owes the duty of making proper distribution of the bonds, and must see to it that they are not issued except conformably to the trust. Occupying this position, the trust company has a right to be heard upon the question of the disposition which is to be made of the bonds, and is an indispensable party to a controversy in which its right to dispose of them as it deems lawful is assailed. The relief prayed for cannot be granted, unless it be made and retained a party; because, as it would not be justified in surrendering the bonds to be canceled which, under the trust, are to be used for specified objects, it cannot be bound by a decree requiring that to be done in a suit which it is not allowed to defend.

The averment in the petition that the trust company is only a nominal party is the averment of a legal conclusion, and is overthrown by the facts which appear in the complaint, and the nature of the relief sought. It may be that the cause of action belongs to the railroad company, and that the suit is one in which its real relation to the controversy is that of a plaintiff. But the removing defendant cannot be heard to assert that the railroad company is the real plaintiff when the parties are arranged according to their real interests, because its petition proceeds upon the ground, not that the railroad company and the trust company are citizens of different states, but upon the ground that the plaintiffs and the railroad company are citizens of different states and the trust company ought not to be a party at all. A removing defendant may supplement the case made by his petition by a reference to the facts which appear elsewhere in the record; but it has never been decided that he is at liberty to abandon the ground upon which his petition proceeds, and assert an inconsistent case, and it would be contrary to the spirit of the present removal act, which does not permit a plaintiff to remove a suit, to permit a defendant to avail himself of the privilege upon the theory that the suit is brought in his interest, and he is in reality the plaintiff.

The motion to remand is granted.